IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|                             ) | |
| vs.                         ) | CRIMINAL NO.  09-0242-WS |
|                             ) | |
| DHS, INC. d.b.a. ROTO ROOTER, ) | |
| DONALD GREGORY SMITH, and   ) | |
| WILLIAM L. WILMOTH, SR.,    ) | |
|                             ) | |
|     **Defendants.**         ) | |

**ORDER**

This matter is before the Court on the defendants' motion in limine.  (Docs. 39, 40).[1]  The motion seeks the exclusion of expert testimony from four government witnesses for failure to comply with the requirements of Rule 16(a)(1)(G).  The government has filed a response, (Doc. 45), and the motion is ripe for resolution.

Rule 16(a)(1)(G) requires the government, upon request, to furnish "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief. ...  The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The defendant objects that the summary produced by the government does not describe the witness' opinions in any detail or give the bases and reasons for them.  The government responds that this is because the witnesses will not offer opinion testimony. (Doc. 45 at 2, 4, 5).

The summary produced by the government identifies Doug Cote as a MAWSS employee who for the past 14 years has worked as an engineer primarily responsible for constructing and maintaining MAWSS' collection system transmitting wastewater to

---

[1]The motion was filed by defendant Smith and joined in by the corporate defendant.

MAWSS' treatment plants. "He will describe the impact of grease upon a sewer system and the obstructions it causes to the flow of waste through the pipes and the resulting manhole overflows." (Doc. 45, Exhibit B at 1).

The summary identifies Tony Fisher as an eight-year MAWSS employee who for the past four years has been its regulatory compliance officer, involved in the implementation and monitoring of MAWSS' grease control program, which program depends upon the use of grease traps by customers to prevent waste cooking oils from entering the sewer system. "Mr. Fisher will describe how a grease trap functions to separate water from oil and how it must be constructed, cleaned, and serviced." (Doc. 45, Exhibit B at 2).

The summary identifies Paul McClelland as a 20-year MAWSS employee now serving as a treatment plant operator and food service facility inspector, who has contributed to the implementation of MAWSS' grease control program and who has inspected hundreds of grease traps to assess their operation and compliance with MAWSS ordinances and permits. "Mr. McClelland will describe how a grease trap functions to separate water from oil and how it must be constructed, cleaned, and serviced." (Doc. 45, Exhibit B at 2).

The summary identifies Jimmy Wiggins as a 25-year MAWSS employee who has worked as a wastewater treatment operator throughout that period and who is currently a wastewater treatment manager. "He will testify that grease has been a major problem for MAWSS in interfering with the treatment of waste and blocking treatment system pipes. Mr. Wiggins will state that grease and sewage loads trucked to the plant for disposal must be treated separately and will describe the efforts that MAWSS made to monitor grease and sewage loads." (Doc. 45, Exhibit B at 2).

The defendants concede that this summary does not indicate that Cote is to offer

any opinions, (Doc. 39 at 2-3), and the Court agrees.[2]  With respect to Fisher and McClelland, the defendants seize on the word "must" as indicating opinion testimony. This language could suggest the existence of an opinion, but it might also be consistent with simple factual testimony.[3]  The government represents that their testimony is of the latter variety, and the Court cannot on this record find otherwise.  With respect to Wiggins, the defendants posit that the first quoted sentence from the summary constitutes an opinion, (*id*. at 3-4), but this is not intuitively obvious and, without explanation from the defendants, the Court cannot reject the government's assurance that Wiggins will provide no opinion testimony.  As to the second quoted sentence of Wiggins' expected testimony, the defendants again rely on the term "must" to conclude an opinion is being offered, but again the word can connote factual testimony as easily as opinion.[4]

Since the defendants have failed to show that the government will offer opinion testimony from these witnesses, the only requirements of Rule 16(a)(1)(G) that could be in play are the summary of testimony and the witnesses' qualifications to testify as experts.  The summary has been provided, and the defendants have not endeavored to show that a summary of non-opinion testimony must be more detailed than the

---

[2]Instead, the defendants assert his testimony is irrelevant.  (Doc. 45 at 3).  For reasons set forth in the Court's order on the government's motion in limine, the evidence is in fact relevant.

[3]For example, it is presumably true that, in order to be effective, a grease trap must have some sort of opening to allow grease to enter the trap and some sort of configuration to prevent the grease from re-entering the water pipes, but testimony to that effect would scarcely qualify as opinion evidence.

[4]The government suggests that Wiggins will merely "describe the grease control regulations that [MAWSS] implemented under federal authority," (*id*. at 3), which presumably have requirements that "must" be followed.  Relating the contents of such regulations could not easily be spun as the statement of an opinion.

government has provided.[5]  While the defendants complain that the witnesses' curricula vitae have not been provided, the rule does not require a formal document but only a written statement of qualifications.  The summary provides such a statement as to each witness, only some of which is related in the Court's synopsis of the summary.

For the reasons set forth above, the defendants' motion in limine is **denied**.

DONE and ORDERED this 14th day of May, 2010.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[5]The summary notes that the witnesses may be asked about documents and diagrams on the government's (unreleased) exhibit list.  (Doc. 45, Exhibit B at 2).  The defendants appear to argue that the government is required to identify these trial exhibits now, (Doc. 39 at 4-5), but they identify no authority for the proposition.