IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL ACTION 09-00242-KD** |
| ) | |
| **DHS, INC., d/b/a ROTO ROOTER,** ) | |
| **DONALD GREGORY SMITH, and** ) | |
| **WILLIAM L. WILMOTH, SR.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on Defendant DHS, Inc., d/b/a Roto Rooter ("DHS")'s "Motion for New Trial" (Doc. 137), the Government's Response (Doc. 142) and DHS' Reply (Doc. 145). Upon consideration, Defendant DHS' motion for new trial is **DENIED.**

**I.    Background**

The jury trial of this matter was held from August 3-11, 2010 before the undersigned United States District Judge. On August 11, 2010, having heard the evidence, the arguments of counsel and the instructions of the Court, and having considered the same upon their oaths, the jury returned three (3) separate Verdicts (one for each of the Defendants). Specifically as to Defendant DHS, the jury returned the following verdict:

-guilty as to Count 1 (for Conspiracy in violation of Title 18, United States Code, Section 371);

-guilty as to Counts 2-7 (for Mail Fraud in violation of Title 18, United States Code, Sections 1341);

-guilty as to Counts 8-35 (for Knowing Violations of the Clean Water Act in

1

      violation of Title 33, United States Code, Section 1319(c)(2)(A));

      -not guilty as to Counts 36-40 (for Knowing Violations of the Clean Water Act in violation of Title 33, United States Code, Section 1319(c)(2)(A); and

      -not guilty for Negligent Violations of the Clean Water Act in violation of Title 33, United States Code, Section 1319(c)(1)(A), relating to Counts 36-40.

(Doc. 141).

On August 25, 2010, Defendant DHS filed a timely[1] motion for new trial, pursuant to Rule 33 of the <u>Federal Rules of Criminal Procedure</u>. (Doc. 137). Defendant DHS contends that a new trial is warranted in the interests of justice. Specifically, Defendant DHS asserts that it is entitled to a new trial for three (3) reasons:

      1)      The Court erred in answering the jury's question because it "not only gave a substantively incomplete and therefore defective instruction to the jury on the issue of corporate liability, but also, when the jury had a question about the issue, the Court erred in answering the jury's question-both substantively, by not appropriately addressing 'scope of employment' and thereby eliminating mens rea and imposing vicarious liability on DHS even when the employees' actions were outside the scope of his employment, and, procedurally, by not recharging the jury as to the government's burden of proof and the presumption of the defendant's innocence;"

      2)      The Court "allowed prejudicial testimony from prosecution witness Mike McVay about uncharged conduct;" and

      3)      The "evidence, or lack of evidence as it were, preponderated heavily against the jury's verdict against DHS on Counts 1, 2-7, and 8-35."

(Doc. 137 at 1-2).

---

[1] Pursuant to Rule 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

2

## II.     Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure empowers a district court to vacate a judgment and grant a new trial if the interest of justice requires. FED.R.CRIM.P. 33(b).  There are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence; and "the other based on any other reason, typically the interest of justice[.]" United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006).  The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

To the extent that a defendant argues that the verdict was against the weight of the evidence – which Defendant DHS contends (in part) here -- "[m]otions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really 'exceptional cases.'" United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985) (internal quotes omitted).  While the trial court "may weigh the evidence and consider the credibility of the witnesses," it is not at liberty to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Id. at 1312-1313. Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313.  Given this standard, and viewing the evidence in a light most favorable to the Government, a new trial would be inappropriate, and the Court declines to order one.

Additionally, Defendant DHS contends that the Court allowed prejudicial testimony and gave a defective jury instruction.  After a review of the pleadings, the Court finds that the arguments provide no meritorious basis for the Court to grant a new trial.  Accordingly, for the for the reasons set out herein and more fully stated on the record during trial, the Defendant's motion for new trial

(Doc. 137) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **October 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**